**UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF VIRGINIA
NEWPORT NEWS DIVISION**

**In re:**

**STEVEN PAUL MATISH,**

     **Debtor.**

**CHAPTER 13**

**CASE NO. 11-51346-FJS**

**BANK OF AMERICA, N.A.,**

     **Plaintiff/Movant.**

**vs.**

**STEVEN PAUL MATISH
MICHAEL P. COTTER, TRUSTEE,**

     **Defendants.**

## AMENDED ORDER GRANTING
## MODIFICATION OF STAY

Upon an Order of October 11, 2012 resolving the underlying Motion for Relief, it appears the parties are agreeable to the deletion of the late charges included in the Order from the arrearage amount and upon agreement by Counsel;

It appears that Debtor is in possession of a certain real property hereinafter described upon which Plaintiff is an entity entitled to enforce the Note; that the Debtor has agreed to cure the post-petition delinquency and maintain the account in a current status whereby the Plaintiff will be entitled to automatic relief, subsequent to ten (10) days Notice of Default to Debtor and Counsel for Debtor. Should Debtor fail to timely reinstate in accordance with any such Notice of Default, Relief from Stay will be automatic incident to the property located at *7250 Canal Street, Lanexa, VA 23089*, and described as follows:

> **All that certain lot, piece or parcel of land, situate, lying and being in James City County, Virginia, being known and designated as Lot 51 as shown on a certain plat entitled, "Plat showing improvements, Lot 51, Section 8, Chickahominy Haven for conveyance to Steven P. Matish," made by AES Consulting Engineers, dated March 29, 1994 and revised April 8, 1994, which plat is attached hereto and made a part hereof by reference.**

D. Carol Sasser, Esquire
Counsel for Plaintiff
Samuel I. White, P.C.
5040 Corporate Woods Drive
Suite 120
Virginia Beach, VA 23462
State Bar #28422
(757) 490-9284

Upon consideration whereof, it is **ORDERED** that relief from the automatic stay be, and it hereby is, presently denied, provided however, that the Debtor comply with the following conditions:

(a) Debtor is to resume making all future regular monthly installment payments in the amount of $1,018.94, pending further notice from the mortgage company, as they become due commencing October 1, 2012, to include any late charges, if applicable.

(b) Debtor is to cure any arrearage currently due to the Plaintiff for the months of April, 2012 through September, 2012, in the total amount of $1837.40, which arrears were calculated as follows:

| | |
|---|---|
| **6 monthly payments (04/01/12-09/01/12) @ $1,018.94/month** | **$6,113.64** |
| **Bankruptcy Fees and Costs - Motion For Relief** | 826.00 |
| **Less Debtor Suspense<4.24>** | |
| **Sub-Total** | **$6,935.40** |
| **Less Payment received on July 31, 2012** | **<$1,019.00>** |
| **Less Payment received on August 20, 2012** | **<$3,060.00>** |
| **Less Payment received on September 7, 2012** | **<$1,019.00>** |
| **Total** | **$1,837.40** |

1) The arrearage amount set forth herein is contingent upon the sufficient clearing of any previously applied post-petition funds.

2) The arrearage amount set forth above is contingent upon the bankruptcy case remaining an active paying case. Notwithstanding the repayment schedule set forth below, in the event the case no longer remains active/open, all arrears payment will immediately due and payable.

3) **The source of the cure payments is as follows: the Debtor will work 15 hours of overtime per month at $20.17 per hour, and the cure payments will be paid as follows:**

4) Payment in the amount of $204.15 on or before October 20, 2012.

5) Payment in the amount of $204.15 on or before November 20, 2012.

6) Payment in the amount of $204.15 on or before December 20, 2012.

7) Payment in the amount of $204.15 on or before January 20, 2013.

8) Payment in the amount of $204.15 on or before February 20, 2013.

9) Payment in the amount of $204.15 on or before March 20, 2013.

01-012925-11/cel

          10)     Payment in the amount of $204.15 on or before April 20, 2013.

          11)     Payment in the amount of $204.15 on or before May 20, 2013.

          12)     Payment in the amount of $204.20 on or before June 20, 2013.

          13)     All future payments should be forwarded to the following address until further notice: Bank of America, N.A., 400 National Way, Mail Stop: CA-6-919-02-22, Simi Valley, CA 93065.

(c)     In the event of a default in the terms of this Order, Debtor will be responsible for any additional fees incurred incident to the issuance of any notice of default in the amount of $50.00.

(d)     To the extent it may be necessary, the automatic stay is modified to permit the Debtor to be mailed payment coupons, notice of payment changes, notice of late payments, monthly statements or notice (other than a notice of acceleration), customarily sent to mortgagors in the ordinary course of business.

Should the Debtor fail to satisfy these conditions, the Plaintiff will have relief from stay and may proceed forthwith to enforce its security agreement, subsequent to ten (10) days Notice of Default to Debtor and Counsel for Debtor.  In the event Debtor fails to timely reinstate in accordance with any such Notice of Default, Relief will be automatic, with no further hearing or order required.  In the event relief is granted, foreclosure proceedings may be commenced incident to state law.

Once the Debtor makes all of the stipulated payments during the cure period as required in the order, then all mortgage payments, costs, fees and late charges will be deemed current from the date of the filing of the bankruptcy through the date of the entry of the order.

In the event of a default which results in the granting of Relief, the Chapter 13 Trustee will be relieved of any and all obligation to remit payment incident to the arrearages set forth in the Proof of Claim filed by the Plaintiff.

Time is of the essence; all future monthly payments must be timely received; a check returned by the bank for any reason is deemed a violation.

Should Plaintiff, at its option, accept a non-timely payment, it will not be deemed to have waived its rights pursuant to any other provisions contained within this Order.

It is **ORDERED** that the relief granted herein will be binding and enforceable as to the Debtor in the event the case is converted.

01-012925-11/cel

It being **FURTHER ORDERED**, pursuant to the requirement of the Chapter 13 Trustee and of the Court, that the Movant shall promptly notify the Court and the Chapter 13 Trustee in writing of the results of any foreclosure of the subject deed of trust and pay to the Chapter 13 Trustee any excess funds received from such foreclosure sale, to be disbursed upon agreement with the Debtor or upon further order of the Court.

It is **FURTHER ORDERED** that any deficiency claim must be filed 120 days from the date of foreclosure or the claim will be forever barred.

It is further **ORDERED** that the fourteen (14) day stay is hereby waived and the terms of this Order are immediately enforceable.

It is additionally acknowledged that by endorsement of this Order, Counsel for Debtor hereby represents that Debtor has been advised of the terms of the agreement as set forth in this Order.

DATED:

_____
JUDGE

**NOTICE OF JUDGMENT OR ORDER
Entered on Docket**

_____

I ask for this:

**/s/ D. Carol Sasser**
_____
Samuel I. White, P. C.
D. Carol Sasser, Esquire, VSBN 28422
Robert A. Jones, Esquire, VSBN 71123
Counsel for Bank of America, N.A., successor by merger to BAC Home Loans Servicing, LP FKA Countrywide Home Loans Servicing LP
01-012925-11/cel

5040 Corporate Woods Drive
Suite 120
Virginia Beach, VA 23462

Seen and Agreed:

**/s/ John W. Raymond**
_____
John W. Raymond, Esquire
Counsel for Debtor
Post Office Box 522
Norge, VA 23127

Seen:

**/s/ Warren A. Uthe, Jr., Attorney for**
_____
Michael P. Cotter
Chapter 13 Trustee
870 Greenbrier Circle, Suite 402
Chesapeake, VA 23320
Case#11-51346-FJS

## CERTIFICATE

I certify that this proposed Order has been endorsed by all parties involved in this proceeding.

                                                   **/s/ D. Carol Sasser**
                                      _____
                                      D. Carol Sasser, Esquire

The Clerk shall mail a copy of the entered Amended Order to the following:

Michael P. Cotter
Chapter 13 Trustee
870 Greenbrier Circle, Suite 402
Chesapeake, VA 23320

John W. Raymond, Esquire
01-012925-11/cel

Counsel for Debtor
Post Office Box 522
Norge, VA 23127

Steven Paul Matish
Debtor
7250 Canal Street
Lanexa, VA 23089

D. Carol Sasser, Esquire
Robert A. Jones, Esquire
Counsel for Bank of America, N.A., successor by merger to BAC Home Loans Servicing, LP FKA
Countrywide Home Loans Servicing LP
5040 Corporate Woods Drive
Suite 120
Virginia Beach, VA 23462

01-012925-11/cel